IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| Adrienne Buchanan,<br><br>    Plaintiff,<br><br>vs.<br><br>Experian Information Solutions, Inc.,<br>a foreign limited liability company, and<br><br>Celtic Bank Corporation,<br>a foreign corporation,<br><br>    Defendants. | Case No.:<br><br>**JURY DEMAND** |

# COMPLAINT

NOW COMES THE PLAINTIFF, ADRIENNE BUCHANAN, BY AND THROUGH COUNSEL, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Chattanooga, Hamilton County, Tennessee.

4. Venue is proper in the Eastern District of Tennessee, Southern Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Chattanooga, Hamilton County, Tennessee.

6. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign limited liability company that conducts business in the State of Tennessee.

7. Celtic Bank Corporation ("Celtic Bank") is a foreign corporation that conducts business in the State of Tennessee.

## GENERAL ALLEGATIONS

8. Celtic Bank is inaccurately reporting its tradeline ("Errant Tradeline") with an erroneous scheduled monthly payment amount of $ 49.00 on Plaintiff's Experian credit disclosure.

9. The account reflected by the Errant Tradeline was closed. Therefore, Plaintiff no longer has an obligation to make monthly payments. Defendant closed the account. Hence, Plaintiff no longer has an obligation nor the right to make monthly payments to Celtic Bank such as to bring the account current.

10. The Errant Tradeline should be reported by Celtic Bank with a scheduled monthly payment of $0.00. Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

11. On April 13, 2020, Plaintiff obtained her Experian credit disclosure and noticed the Errant Tradeline reporting inaccurately with an erroneous scheduled monthly payment amount.

12. On or about May 20, 2020, Plaintiff submitted a letter to Experian disputing the Errant Tradeline.

13. In her dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline was closed and asked Experian to report the Errant Tradeline with a monthly payment amount of $0.00.

14. Experian forwarded Plaintiff's consumer dispute to Celtic Bank. Celtic Bank received Plaintiff's consumer dispute from Experian.

15. Experian and Celtic Bank did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

16. Plaintiff had not received investigation results from Experian. Therefore, on July 7, 2020, Plaintiff obtained her Experian credit disclosure, which showed

that Celtic Bank and Experian failed or refused to report the scheduled monthly payment amount as $0.00 on the Errant Tradeline.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CELTIC BANK

18. Plaintiff realleges paragraphs 1 through 17 as if recited verbatim herein.

19. After being informed by Experian of Plaintiff's consumer dispute of the scheduled monthly payment amount, Celtic Bank negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

20. Celtic Bank negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b) and failed to direct Experian to report the Errant Tradeline with a $0.00 monthly payment amount.

21. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Experian to which Celtic Bank is reporting such Tradeline.

22. As a direct and proximate cause of Celtic Bank's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, humiliation, and embarrassment.

23. Celtic Bank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

24. Plaintiff has a private right of action to assert claims against Celtic Bank arising under 15 U.S.C. § 1681s-2(b).

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CELTIC BANK

25. Plaintiff realleges paragraphs 1 through 24 as if recited verbatim herein.

26. After being informed by Experian that Plaintiff disputed the accuracy of the information it was providing, Celtic Bank willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Experian to report the Errant Tradeline with a $0.00 monthly payment amount.

27. Celtic Bank willfully failed to review all relevant information available to it and provided by Experian as required by 15 U.S.C. § 1681s-2(b).

28. As a direct and proximate cause of Celtic Bank's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, humiliation, and embarrassment.

29. Celtic Bank is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

30. Plaintiff realleges paragraphs 1 through 29 as if recited verbatim herein.

31. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

32. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

33. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

34. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

35. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

36. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

37. Plaintiff realleges paragraphs 1 through 36 as if recited verbatim herein.

38. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

39. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

41. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

42. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

## **PRAYER FOR RELIEF**

Plaintiff asks that this court grant judgment against Defendants and award Plaintiff the following:

1. The greater of statutory or actual damages;

2. Punitive damages;

3. Costs, interest and reasonable attorney's fees; and

4. Such other and further relief as the Court may deem just and proper.

DATED: August 24, 2020

/s/ Susan S. Lafferty
SUSAN S. LAFFERTY, BPR #25961
ssl@laffertylawtn.com
1321 Murfreesboro Pike, Suite 521
Nashville, TN 37214
(615)878-1926
*Attorney for Plaintiff*
*Adrienne Buchanan*